The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

Joe Larry **CHAVEZ**, Defendant–Appellant.

No. 86CA1617.

Colorado Court of Appeals, Div. III.

June 9, 1988.

Rehearing Denied July 7, 1988.

Certiorari Denied Nov. 14, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Laurie E. Menconi–Smith, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Peggy O'Leary, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

Defendant, Joe Larry Chavez, appeals the judgment of conviction entered on a jury verdict finding him guilty of giving false information in violation of the Purchasers of Valuable Articles Act, § 18–16–108, C.R.S. (1986 Repl.Vol. 8B). He contends the evidence presented at trial was, in two respects, insufficient to support the jury verdict. We affirm.

Defendant sold a stolen gold bracelet to a retail jeweler. At the time of the sale defendant executed a declaration of ownership form required by § 18–16–107, C.R.S. (1986 Repl. Vol. 8B) for all purchases of valuable articles, indicating on the form that he had owned the bracelet for one year. The space provided on the form for identification and description of the article purchased, however, was not completed by the jeweler prior to defendant placing his signature on the declaration. Because of space restrictions on the form and the lengthy description of the bracelet, the jeweler entered the description of his purchase on another piece of paper that was subsequently attached to the declaration. The declaration was introduced into evidence at defendant's trial.

Defendant first contends the prosecution failed to prove every element of the of-

fense charged. He argues that because the declaration of ownership bore no reference to the bracelet or to any other article, he did not make any false statements in his execution of the form as required for a conviction under this statute. We find no merit in this contention.

■ A challenge to the sufficiency of the evidence requires a reviewing court to determine whether the evidence, both direct and circumstantial, when viewed as a whole and in a light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable person that the defendant is guilty of the crime charged beyond a reasonable doubt. *Taylor v. People*, 723 P.2d 131 (Colo.1986). In making this assessment, direct proof of the defendant's state of mind is rarely available in a criminal prosecution, and hence, reasonable inferences may be drawn from circumstantial evidence. *People v. Chastain*, 733 P.2d 1206 (Colo.1987).

■ The record before us contains substantial direct and circumstantial evidence to support a finding of defendant's guilt beyond a reasonable doubt. It is undisputed that the bracelet was the only item defendant offered to sell to the jeweler. Defendant was given the declaration by the jeweler and asked to answer the questions regarding ownership of the bracelet. Defendant's responses to the questions indicated he had been the owner of the article for one year, although in reality the bracelet had been taken in a burglary the previous day. Based on these facts, the jury could reasonably infer defendant knowingly made false statements about his ownership of the bracelet.

■ Defendant also argues that the failure to introduce proof of the jeweler's compliance with the record keeping provisions of § 18–16–105, C.R.S. (1986 Repl.Vol. 8B) was fatal to his conviction. We disagree.

The statutory scheme at issue provides that purchasers of valuable articles maintain a permanent, bound register in which information about all purchases shall be kept. Contrary to defendant's contention, however, the statute contains no requirement that proof be offered in a criminal

proceeding of the existence of the register, or that the register be introduced at trial in order to sustain a conviction. Hence, based on the plain language of the statute, we conclude that the jeweler's failure to execute his responsibilities constitutes no defense to the offense charged against defendant.

■ In the alternative, defendant argues that even if a declaration alone is sufficient to support a conviction, the particular document introduced at his trial was insufficient because it was a photocopy with alterations and additions inserted by someone other than the jeweler. Defendant did not object to the use of the photocopy; hence, we must consider whether use of the copy rises to the level of plain error. *See* Crim.P. 52(b). We conclude that use of the copy did not so undermine the fundamental fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction. *See Wilson v. People*, 743 P.2d 415 (Colo.1987); CRE 1003.

JUDGMENT AFFIRMED.

METZGER and HUME, JJ., concur.